ORIGINAL



LYNN HUBBARD, III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

FILED
08 APR 16 PH 3: 13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

'08 CV 0695 H POR

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McIVER, | No. |
| Plaintiff, | |
| vs. | **Plaintiff's Complaint** |
| S. B. RESTAURANT CO. dba ELEPHANT BAR RESTAURANT; GUARANTY BANK, | |
| Defendants. | |

*McIver v. S. B. Restaurant Co., et al.*
Plaintiff's Complaint

Page 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. SUMMARY

1.    This is a civil rights action by plaintiff Larry McIver ("McIver") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Elephant Bar Restaurant
105 South Las Posas Road
San Marcos, CA 92078
(hereafter "the Restaurant")

2.    McIver seeks damages, injunctive and declaratory relief, attorney fees and costs, against S. B. Restaurant Co. dba Elephant Bar Restaurant and Guaranty Bank (hereinafter collectively referred to as "Elephant Bar") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    McIver's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7.    Elephant Bar owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, or corporation.

*McIver v. S. B. Restaurant Co., et al.*
Plaintiff's Complaint

8.    McIver has Becker's Muscular Dystrophy and is unable to walk or stand; he requires the use of an electric scooter when traveling about in public. Consequently, McIver is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.    The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    McIver visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.   To the extent known by McIver, the barriers at the Restaurant included, but are not limited to, the following:

- The platform at the curb cut ramp is not 60 inches by 60 inches;
- There is no outside seating that is accessible to the disabled;
- There is no outside seating that is designated as accessible to the disabled;
- There is no International Symbol of Accessibility mounted at the entrance to the Restaurant;
- The entrance door's hardware is not accessible – it requires twisting, pinching and/or grasping to operate;
- There is no space in the waiting area for a disabled patron;
- There is no seating inside the Restaurant that is accessible to the disabled;
- There is no seating inside the Restaurant that is designated as accessible to the disabled;
- The toilet tissue dispenser in the men's restroom's accessible stall protrudes into the maneuvering space required to access the water closet;

- The side grab bar inside the men's restroom's accessible stall does not extend 24 inches in front of the water closet;
- The water closet obstructs the clear floor space required to access the disposable seat cover dispensers in the men's restroom's accessible stall;
- There is no loop or U-shaped handle mounted below the latch on the accessible stall door in the men's restroom;
- The soap dispenser in the men's restroom is out of the required reach range; and,
- There is insufficient strike side clearance on the restroom door (when exiting) due to the paper towel dispenser.

These barriers prevented McIver from enjoying full and equal access.

11.    McIver was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12.    McIver also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that McIver is seeking to remove barriers unrelated to his disability.

13.    Elephant Bar knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Elephant Bar has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled.  To date, however, Elephant Bar refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

1  14.   At all relevant times, Elephant Bar has possessed and enjoyed
2  sufficient control and authority to modify the Restaurant to remove impediments
3  to wheelchair access and to comply with the Americans with Disabilities Act
4  Accessibility Guidelines and Title 24 regulations.  Elephant Bar has not removed
5  such impediments and has not modified the Restaurant to conform to
6  accessibility standards.  Elephant Bar has intentionally maintained the Restaurant
7  in its current condition and has intentionally refrained from altering the
8  Restaurant so that it complies with the accessibility standards.

9  15.   McIver further alleges that the (continued) presence of barriers at
10 the Restaurant is so obvious as to establish Elephant Bar's discriminatory intent.[1]
11 On information and belief, McIver avers that evidence of this discriminatory
12 intent includes Elephant Bar's refusal to adhere to relevant building standards;
13 disregard for the building plans and permits issued for the Restaurant;
14 conscientious decision to the architectural layout (as it currently exists) at the
15 Restaurant; decision not to remove barriers from the Restaurant; and allowance
16 the Restaurant continues to exist in its non-compliant state.  McIver further
17 alleges, on information and belief, that Elephant Bar is not in the midst of a
18 remodel, and that the barriers present at the Restaurant are not isolated (or
19 temporary) interruptions in access due to maintenance or repairs.[2]

20                         VI. FIRST CLAIM
21              **Americans with Disabilities Act of 1990**
22              Denial of "Full and Equal" Enjoyment and Use

23 16.   McIver incorporates the allegations contained in paragraphs 1
24 through 15 for this claim.

25 17.   Title III of the ADA holds as a "general rule" that no individual
26 shall be discriminated against on the basis of disability in the full and equal

27
28  [1]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
    [2]  Id.; 28 C.F.R. § 36.211(b)
    *McIver v. S. B. Restaurant Co., et al.*
    Plaintiff's Complaint

                            Page 5

1    enjoyment (or use) of goods, services, facilities, privileges, and accommodations
2    offered by any person who owns, operates, or leases a place of public
3    accommodation. 42 U.S.C. § 12182(a).

4        18.    Elephant Bar discriminated against McIver by denying "full and
5    equal enjoyment" and use of the goods, services, facilities, privileges or
6    accommodations of the Restaurant during each visit and each incident of
7    deterrence.

8        <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

9        19.    The ADA specifically prohibits failing to remove architectural
10   barriers, which are structural in nature, in existing facilities where such removal
11   is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily
12   achievable" is defined as "easily accomplishable and able to be carried out
13   without much difficulty or expense." <u>Id.</u> § 12181(9).

14       20.    When an entity can demonstrate that removal of a barrier is not
15   readily achievable, a failure to make goods, services, facilities, or
16   accommodations available through alternative methods is also specifically
17   prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

18       21.    Here, McIver alleges that Elephant Bar can easily remove the
19   architectural barriers at the Restaurant without much difficulty or expense, and
20   that Elephant Bar violated the ADA by failing to remove those barriers, when it
21   was readily achievable to do so.

22       22.    In the alternative, if it was not "readily achievable" for Elephant Bar
23   to remove the Restaurant's barriers, then Elephant Bar violated the ADA by
24   failing to make the required services available through alternative methods,
25   which are readily achievable.

26
27
28

*McIver v. S. B. Restaurant Co., et al.*
Plaintiff's Complaint

1

## Failure to Design and Construct an Accessible Facility

2      23.    On information and belief, the Restaurant was designed or
3  constructed (or both) after January 26, 1992—independently triggering access
4  requirements under Title III of the ADA.

5      24.    The ADA also prohibits designing and constructing facilities for
6  first occupancy after January 26, 1993, that aren't readily accessible to, and
7  usable by, individuals with disabilities when it was structurally practicable to do
8  so. 42 U.S.C. § 12183(a)(1).

9      25.    Here, Elephant Bar violated the ADA by designing or constructing
10  (or both) the Restaurant in a manner that was not readily accessible to the
11  physically disabled public—including McIver—when it was structurally
12  practical to do so.[3]

13          ## Failure to Make an Altered Facility Accessible

14      26.    On information and belief, the Restaurant was modified after
15  January 26, 1992, independently triggering access requirements under the ADA.

16      27.    The ADA also requires that facilities altered in a manner that affects
17  (or could affect) its usability must be made readily accessible to individuals with
18  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering
19  an area that contains a facility's primary function also requires adding making
20  the paths of travel, bathrooms, telephones, and drinking fountains serving that
21  area accessible to the maximum extent feasible. Id.

22      28.    Here, Elephant Bar altered the Restaurant in a manner that violated
23  the ADA and was not readily accessible to the physically disabled public—
24  including McIver—to the maximum extent feasible.

25

26

27

28   [3]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
           private attorney general under either state or federal statutes.
           *McIver v. S. B. Restaurant Co., et al.*
           Plaintiff's Complaint

1

<u>Failure to Modify Existing Policies and Procedures</u>

2      29.    The ADA also requires reasonable modifications in policies,

3    practices, or procedures, when necessary to afford such goods, services,

4    facilities, or accommodations to individuals with disabilities, unless the entity

5    can demonstrate that making such modifications would fundamentally alter their

6    nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

7      30.    Here, Elephant Bar violated the ADA by failing to make reasonable

8    modifications in policies, practices, or procedures at the Restaurant, when these

9    modifications were necessary to afford (and would not fundamentally alter the

10    nature of) these goods, services, facilities, or accommodations.

11      31.    McIver seeks all relief available under the ADA (*i.e.*, injunctive

12    relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

13    U.S.C. § 12205.

14      32.    McIver also seeks a finding from this Court (*i.e., declaratory relief*)

15    that Elephant Bar violated the ADA in order to pursue damages under

16    California's Unruh Civil Rights Act or Disabled Persons Act.

17

VII. SECOND CLAIM

18

**Disabled Persons Act**

19      33.    McIver incorporates the allegations contained in paragraphs 1

20    through 30 for this claim.

21      34.    California Civil Code § 54 states, in part, that: Individuals with

22    disabilities have the same right as the general public to the full and free use of

23    the streets, sidewalks, walkways, public buildings and facilities, and other public

24    places.

25      35.    California Civil Code § 54.1 also states, in part, that: Individuals

26    with disabilities shall be entitled to full and equal access to accommodations,

27    facilities, telephone facilities, places of public accommodation, and other places

28    to which the general public is invited.

*McIver v. S. B. Restaurant Co., et al.*
Plaintiff's Complaint

Page 8

36.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.   Here, Elephant Bar discriminated against the physically disabled public—including McIver—by denying them full and equal access to the Restaurant.   Elephant Bar also violated McIver's rights under the ADA, and, therefore, infringed upon or violated (or both) McIver's rights under the Disabled Persons Act.

38.   For each offense of the Disabled Persons Act, McIver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.   He also seeks to enjoin Elephant Bar from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

40.   McIver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

*McIver v. S. B. Restaurant Co., et al.*
Plaintiff's Complaint

44.   Elephant Bar's aforementioned acts and omissions denied the physically disabled public—including McIver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against McIver by violating the Unruh Act.

46.   McIver was damaged by Elephant Bar's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47.   McIver also seeks to enjoin Elephant Bar from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.   McIver incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.   McIver alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

*McIver v. S. B. Restaurant Co., et al.*
Plaintiff's Complaint

52.    Elephant Bar's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) McIver and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, McIver prays judgment against Elephant Bar for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Elephant Bar violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[4]

5.    Interest at the legal rate from the date of the filing of this action.

DATED: April 15, 2008          DISABLED ADVOCACY GROUP, APLC

LYNN HUBBARD, III
Attorney for Plaintiff Larry McIver

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*McIver v. S. B. Restaurant Co., et al.*
Plaintiff's Complaint

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LARRY McIVER

**DEFENDANTS**

S. B. RESTAURANT CO. dba ELEPHANT BAR RESTAURANT; GUARANTY BANK

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

08 APR

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIF.

DEPUTY

'08 CV 0695 H POR

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

LYNN HUBBARD, III   DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane Chico, CA 95926   (530) 895-3252

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.

Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   04/15/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 149896   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MS 4/16

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 149826    — MS

## April 16, 2008
## 15:10:16

## Civ Fil Non-Pris
USAO #.: 08CV0695 H
Judge..: MARILYN L HUFF
Amount.:                      $350.00 CC


## Total—> $350.00


FROM: LARRY MCIVER