JAMES O. EILER, ESQ. (SBN: 128051)
GARY L. ANGOTTI, ESQ. (SBN: 75709)
**THARPE & HOWELL**
**600 West Santa Ana Boulevard, Suite 705**
**Santa Ana, California  92701**
**(714) 437-4900; (714) 437-7997 Fax**
jeiler@tharpe-howell.com
gangotti@tharpe-howell.com

Attorneys for Defendant, S. B. RESTAURANT CO.
dba Elephant Bar Restaurant

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McIVER,<br><br>           Plaintiff,<br><br>v.<br><br>S. B. RESTAURANT CO. dba ELEPHANT BAR RESTAURANT; GUARANTY BANK,<br><br>           Defendants. | CASE NO. 08CV0695 H POR<br>Before the Honorable Marlyn Huff<br>Courtroom 13<br><br>**S. B. RESTAURANT CO.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint filed: April 16, 2008<br>Trial date: Not set. |

Defendant, S. B. RESTAURANT CO. dba ELEPHANT BAR RESTAURANT, (hereinafter "Defendant"), for itself alone, hereby answers the complaint of plaintiff, an Individual, (hereinafter collectively "plaintiff") and each allegation therein as follows:

### I.  SUMMARY

1.     Referring to Paragraph 1, defendant ADMITS that plaintiff is filing a civil rights complaint for discrimination at the building located at 105 S. Las Posas Rd, San Marcos, CA. Defendant DENIES each and every other allegation contained therein, or that it is presently, or has in the past, engaged in discriminatory practices against individuals with disabilities.

2.     In Paragraph 2, Defendant ADMITS that plaintiff is seeking damages, injunctive relief and declaratory relief against S. B. Restaurant Co. dba Elephant Bar Restaurant by filing an

- 1 -

CASE NO. 08CV0695 H POR
S. B. RESTAURANT CO.'S ANSWER

1  action under the Americans with Disabilities Act of 1990, under 42 United States Code 12101 et.

2  seq. and related California statutes.   Defendant DENIES each and every other allegation

3  contained therein.

## II. JURISDICTION

3.    Defendant ADMITS, that in Paragraph 3, plaintiff claims original jurisdiction under USC §§1331 and 1343 for ADA claims.  Defendant is without sufficient information at this time to admit or deny the remainder of the allegations and therefore DENIES them.

4.     Defendant ADMITS, that in Paragraph 4, plaintiff claims supplemental jurisdiction under parallel California law predicated on 28 USC §1367.  Defendant is without sufficient information at this time to admit or deny the remainder of the allegations set forth in Paragraph 4, and therefore DENIES them.

5.    In Paragraph 5, Defendant is without sufficient information at this time to admit or deny the allegations set forth, and therefore DENIES them.

## III. VENUE

6.    Defendant admits that plaintiff claims all actions take place within the jurisdiction of the United States District Court of the Southern District of California.  Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 6, and therefore DENIES them.

## IV. PARTIES

7.    In Paragraph 7, Defendant admits that it operates the restaurant, but is without sufficient information at this time to admit or deny the other allegations and therefore DENIES them.

8.    Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 8, and therefore DENIES them.

## V. FACTS

9.    Defendant ADMITS that the restaurant serves food and drink and is not intended for residential use. Defendant is without sufficient information at this time to admit or deny the remainder of the allegations set forth in Paragraph 9, and therefore DENIES them.

10.    Defendant is without sufficient information at this time to admit or deny the allegations

- 2 -

1  set forth in Paragraph 10, and therefore DENIES them.

2  11.   Defendant is without sufficient information at this time to admit or deny the allegations
3  set forth in Paragraph 11, and therefore DENIES them.

4  12.   Defendant is without sufficient information at this time to admit or deny the allegations
5  set forth in Paragraph 12, and therefore DENIES them.

6  13.   Defendant is without sufficient information at this time to admit or deny the allegations
7  set forth in Paragraph 13, and therefore DENIES them.

8  14.   Defendant is without sufficient information at this time to admit or deny the allegations
9  set forth in Paragraph 14, and therefore DENIES them.

10 15.   Defendant is without sufficient information at this time to admit or deny the allegations
11 set forth in Paragraph 15, and therefore DENIES them.

12                                 **VI.  FIRST CLAIM**

13 16.   Defendant is without sufficient information at this time to admit or deny the allegations
14 set forth in Paragraph 16, and therefore DENIES them.

15 17.   Defendant admits plaintiff is claiming full use and enjoyment under 42 USC 12182(a),
16 but defendant is without sufficient information at this time to admit or deny the remainder of the
17 allegations set forth in Paragraph 17, and therefore DENIES them.

18 18.   Defendant is without sufficient information at this time to admit or deny the allegations
19 set forth in Paragraph 18, and therefore DENIES them.

20           **Failure to Remove Architectural Barriers in an Existing Facility**

21 19.   Defendant admits plaintiff is claiming the benefit of  42 USC 12182(b)(2)(A)(iv), but
22 defendant is without sufficient information at this time to admit or deny the allegations set forth
23 in Paragraph 19, and therefore DENIES them.

24 20.   Defendant admits plaintiff is claiming the benefit of  42 USC 12182(b)(2)(A)(v), but
25 defendant is without sufficient information at this time to admit or deny the allegations set forth
26 in Paragraph 20, and therefore DENIES them.

27 21.   Defendant is without sufficient information at this time to admit or deny the allegations
28 set forth in Paragraph 21, and therefore DENIES them.

22. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 22, and therefore DENIES them.

### Failure to Design and Construct an Accessible Facility

23. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 23, and therefore DENIES them.

24. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 24, and therefore DENIES them.

25. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 25, and therefore DENIES them.

### Failure to make and Altered Facility Accessible

26. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 26, and therefore DENIES them.

27. Defendant admits plaintiff is claiming the benefit of 42 USC 12183(a)(2), but defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 27, and therefore DENIES them.

28. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 28, and therefore DENIES them.

### Failure to Modify Existing Policies and Procedures

29. Defendant admits plaintiff is claiming the benefit of 42 USC 12182(b)(2)(A)(ii), but defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 29, and therefore DENIES them.

30. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 30, and therefore DENIES them.

31. Defendant admits plaintiff is claiming the benefit of the ADA, but defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 31 and therefore DENIES them.

32. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 32, and therefore DENIES them.

- 4 -

## VII.  SECOND CLAIM

### Disabled Persons Act

33.   Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 33, and therefore DENIES them.

34.   Defendant ADMITS, that in Paragraph 34, Plaintiff is asserting California Civil Code sections 54 provide rights to individuals with disabilities.  Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

35.   Defendant ADMITS, that in Paragraph 35, Plaintiff is asserting California Civil Code sections 54.1 provide rights to individuals with disabilities.  Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

36.   Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 36 and therefore DENIES them

37.   In Paragraph 37, Defendant denies each and every allegation contained therein.

38.   In Paragraph 38, Defendant is without sufficient information at this time to admit or deny the allegations set forth and therefore DENIES them.

39.   In Paragraph 39, Defendant ADMITS plaintiff is seeking injunctive relief, but is without sufficient information at this time to admit or deny the other allegations set forth and therefore DENIES them.

## VIII.  THIRD CLAIM

### Unruh Civil Rights Act.

40.   In Paragraph 40, Defendant is without sufficient information at this time to admit or deny the allegations set forth and therefore DENIES them.

41.   Defendant ADMITS, that in Paragraph 41, Plaintiff is asserting California Civil Code sections 51 provide rights to individuals.  Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

- 5 -

42. Defendant ADMITS, that in Paragraph 42, Plaintiff is asserting California Civil Code sections 51.5 provide rights to individuals with disabilities. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

43. Defendant ADMITS, that in Paragraph 43, Plaintiff is asserting California Civil Code sections 51(f) provide rights to individuals with disabilities. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

44. Defendant denies the allegations set forth in Paragraph 44.

45. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 45, and therefore DENIES them.

46. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 46, and therefore DENIES them.

47. Defendant denies that Plaintiff is entitled to relief as alleged in Paragraph 47 and is without sufficient information at this time to admit or deny the allegations set forth and therefore denies them.

## IX.  FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48. Defendant is without sufficient information at this time to admit or deny the allegations set forth in Paragraph 48, and therefore DENIES them.

49. Defendant ADMITS, that in Paragraph 49, Plaintiff is asserting aspects of the California Health and Safety Code and the Government Code provide rights to individuals. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

50. Defendant ADMITS, that in Paragraph 50, Plaintiff is asserting aspects of the California Health and Safety Code provide rights to individuals. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

51. Defendant ADMITS, that in Paragraph 51, Plaintiff is asserting aspects of the California Safety Code and the Government Code provide rights to individuals. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

52. Defendant ADMITS, that in Paragraph 52, Plaintiff is asserting aspects of the California Safety Code and injunctive relief. Defendant does not have sufficient information to admit or deny the remainder of the allegations and DENIES each and every other allegation contained therein.

## X.

## PRAYERS FOR RELIEF

53. Defendant denies that Plaintiff is entitled to relief as alleged in Paragraphs "1" through "5" as set forth in the prayer to the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE,

### THIS ANSWERING DEFENDANT ALLEGES:

### (APPORTIONMENT)

54. That the injuries and damages, if any, sustained by Plaintiff were proximately caused by the negligence, carelessness or fault of others, and therefore the Plaintiff may recover from this Defendant only that apportionment of damages directly attributable to the negligence, carelessness or fault of this answering Defendant (which allegation is being made solely for the purpose of this pleading and without admitting such to be the fact).

### SECOND AFFIRMATIVE DEFENSE,

### THIS ANSWERING DEFENDANT ALLEGES:

### (FAILURE TO STATE A CAUSE OF ACTION AGAINST DEFENDANT)

55. That the Complaint and each of the purported causes of action therein complained fail to state a cause of action against this answering Defendant.

**THIRD AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF)**

56.   That the Complaint and each of the purported causes of action therein complained fail to state a cause of action upon which a claim for injunctive relief can be based against this answering Defendant.

**FOURTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(STATUTE OF LIMITATIONS)**

57.   That Plaintiff's Complaint herein, and the whole thereof, and each and every purported cause of action contained therein is barred by the running of the statute of limitations, pursuant to *Code of Civil Procedure* §§335, 335.1, 337, 338, 340 and all other applicable statutes.

**FIFTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(NO INTENTIONAL ACT)**

58.   Plaintiff's cause of action for discrimination or exemplary damages is barred because the conduct of this answering Defendant was not intentional.

**SIXTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(CALIFORNIA CIVIL CODE §1431, ET SEQ.)**

59.   In accordance with the provisions of California Civil Code §§1431, et seq., the liability of this answering Defendant, if any, must be compared with the liability of others including Plaintiff herein. This Defendant is not liable for any greater percentage of non-economic damages, if any, than defendants percentage of liability bears to the total liability.

///
///
///
///

- 8 -

**SEVENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(NO VIOLATION OF THE LAWS OF THE UNITED STATES**

**OR THE STATE OF CALIFORNIA)**

60.  That Plaintiff herein is barred from any recovery on the basis that this answering Defendant is informed and believes and thereon alleges that it has done everything reasonably expected and required of it pursuant to the laws of the United States and/or the laws of the State of California.

**EIGHTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(FAILURE TO MITIGATE DAMAGES)**

61.  That this answering Defendant denies any liability, whatsoever, to the Plaintiff or that the Plaintiff has suffered any damage whatsoever, but if this answering Defendant is held by a Court to have liability to Plaintiff or if it is held that the Plaintiff has been damaged in any sum or sums whatsoever, such liability or damage should be reduced by that sum to which the Plaintiff could reasonably have mitigated said damages.

**NINTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(LACHES)**

62.  Each allegation and every cause of action alleged against this answering Defendant is barred under the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(UNCLEAN HANDS)**

63.  Each allegation and every cause of action alleged against this answering Defendant is barred in its entirety by the doctrine of unclean hands.

///

///

**ELEVENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(ESTOPPEL)**

64. As to each cause of action alleged in the Complaint, Plaintiff is estopped from seeking relief therein due to her own acts or omissions with reference to the subject matter of the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(WAIVER)**

65. Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach, negligence, or any other conduct, if any, alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)**

66. Defendant asserts that plaintiff's claims, and each of them, may be barred by or limited in whole or in part by Plaintiff's failure to timely exhaust available remedies.

**FOURTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(RECOVERY CONTRARY TO PUBLIC POLICY)**

67. Defendant is informed and believes, and therein alleges that the conduct of Plaintiff was such that no recovery for any alleged loss may be had by Plaintiff, because such recovery would be contrary to public policy of the State of California and the United States of America.

**FIFTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(PARI DELICTO)**

68. The Complaint, and each and every cause of action therein, is barred because Plaintiff is guilty of conduct which has rendered her in pari delicto.

///

**SIXTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(PRIVILEGED CONDUCT)**

69.   The Complaint, and each and every cause of action therein, is barred because any conduct by this answering Defendant was privileged.

**SEVENTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(LEGITIMATE NON-DISCRIMINATORY REASON)**

70.   Plaintiff's cause of action for discrimination is barred because the conduct of this answering Defendant, as described in Plaintiff's Complaint, was taken for a legitimate, nondiscriminatory reason.

**EIGHTEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(LEGITIMATE BUSINESS INTERESTS)**

71.   Plaintiff's cause of action for discrimination is barred because the conduct of this Defendant, as described in the Complaint, was taken to protect a legitimate business interests.

**NINETEENTH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(REMOVAL OF BARRIERS NOT READILY ACHIEVABLE)**

72.   Defendant alleges that the condition of the property is permissible and does not violate the Americans With Disabilities Act of 1990 because it meets all applicable laws and standards, the removal of any existing barriers, if any, are not readily achievable and that all appropriate alternative methods for reasonable accommodation were made.

**TWENTIETH AFFIRMATIVE DEFENSE,**

**THIS ANSWERING DEFENDANT ALLEGES:**

**(UNDUE HARDSHIP)**

73.   This answering Defendant alleges that compliance with the *prima facie* requirements of the ADA and California State law as alleged in the Complaint is excused as such compliance

1  would constitute an undue hardship upon the operation of the business of this answering
2  Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE,

### THIS ANSWERING DEFENDANT ALLEGES:

### (LACK OF STANDING)

6  74.   The Complaint, and each and every cause of action therein, is barred because Plaintiff
7  LARRY MCIVER lacks standing as to each and every cause of action as against this answering
8  Defendant.

10  WHEREFORE, this answering Defendant prays that Plaintiff take nothing by way of the
11 Complaint on file herein and that this answering Defendant may be hence dismissed with costs of
12 suit incurred herein and for such other and further relief as the Court sees fit.

14 Dated: May 9, 2008               **THARPE & HOWELL**

By: s/Gary L. Angotti_____
JAMES O. EILER, ESQ.
GARY L. ANGOTTI, ESQ.
Attorneys for Defendant,
S.B. Restaurant Co. dba Elephant Bar Restaurant.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury for all claims for which a jury is permitted pursuant to the Federal Rules of Civil Procedure, Rule 38(b).

Dated: May 9, 2008  **THARPE & HOWELL**

By: s/Gary L. Angotti_____
JAMES EILER, ESQ.
GARY L. ANGOTTI, ESQ.
Attorneys for Defendant
S.B. Restaurant Co. DBA Elephant Bar Restaurant

G:\DATA\22277\Pleadings\Answer to Complaint.wpd

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I certify and declare that I am employed in the office of a member of the Bar of this Court at whose direction the service stated below was made, in the County of Orange, State of California; I am over the age of 18 and not a party to the within action; my business address is: 600 West Santa Ana Boulevard, Suite 705, Santa Ana, CA 92701.

On May 9, 2008, I served the foregoing document(s) described as S. B. RESTAURANT CO.'S ANSWER TO COMPLAINT on the following interested parties in this action.

> Lynn Hubbard, III, Esq.
> Scottlynn J. Hubbard, IV, Esq.
> DISABLED ADVOCACY GROUP
> 12 Williamsburg Lane
> Chico, CA 95926

[x] BY MAIL. I placed a true copy(ies) of the foregoing document(s) in sealed envelope(s) addressed as indicated above, which is addressee's(s') last known address, for collection and mailing following the firm's ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence/documents for mailing. Under that practice, documents would be deposited in the ordinary course of business with the U.S. Postal Service that same day with postage thereon fully prepaid at Santa Ana, California.

☐ BY OVERNIGHT DELIVERY. I placed ☐ the original ☐ a true copy(ies) of the foregoing document(s) in sealed envelope(s) for collection and deposit for overnight delivery following the firm's ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence/documents for overnight delivery by FedEx/OnTrac. Under that practice, documents would be deposited on that same day, in a box or other facility regularly maintained by FedEx/OnTrac, or delivered to an authorized courier or driver authorized by FedEx/OnTrac to receive documents, in an envelope or package designated by FedEx/OnTrac, with delivery fees paid or provided for.

☐ BY FACSIMILE. On above-stated date, at about _____ a.m./p.m., I transmitted said document(s) to the office(s) of the addressee(s) via facsimile to the fax number(s) indicated above. The transmission was reported as complete and without error. The transmission report, a copy of which is attached, was properly issued by the transmitting facsimile machine.

[x] BY ELECTRONIC TRANSMISSION. I served said document(s) electronically by transmitting the same to the respective electronic notification address(es) of the addressee(s) as indicated above. The electronic transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct. Executed on **May 9, 2008**, at Santa Ana, California.

| Diane McCullough | /s/ Diane McCullough |
|---|---|
| Printed Name | Signature |

G:\DATA\22277\Pleadings\Answer to Complaint.wpd